## CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF SOUTH CAROLINA.

---

Justices of the Supreme Court during the Period comprised in this Volume.

Hon. WILLIAM D. SIMPSON, Chief Justice.
Hon. HENRY McIVER, Associate Justice.
Hon. SAMUEL McGOWAN, " "

---

THE STATE *EX RELATIONE* ZIMMERMAN v. WESTMORE-
LAND.

THE STATE *EX RELATIONE* BURGISS AND MOORE v. DAVEN-
PORT.

1. Under proceedings in *quo warranto*, an order continuing a preliminary injunction "until the illegality alleged of some of the votes cast can be tried by the proper tribunal," does not pass upon the merits and is not appealable.
2. The term of the offices contended for having expired, no order now made, under this appeal, could affect the rights of the parties.

Before PRESSLEY, J., Greenville, October, 1887.

The opinion states the case.

*Messrs. Perry & Heyward,* for appellants.

*Messrs. Geo. Westmoreland* and *Wells & Orr,* contra.

June 19, 1888.    The opinion of the court was delivered by

MR. JUSTICE MCGOWAN.    The town of Greer's, in the County of Greenville, was incorporated in 1876, with a municipal government to consist of an "intendant and four wardens, who shall be elected on the first Monday in April next (1876), as well as on the first Monday in April of every year thereafter an election shall be held for an intendant and four wardens. * * * And the election shall be held, &c., when the polls shall be closed and the managers shall count the votes and proclaim the election, and give notice thereof to the persons elected," &c.

On April 4, 1887, an election was held for intendant and wardens by managers regularly appointed; and it seems that they at first certified to the old council that L. C. Zimmerman received 29, and T. T. Westmoreland 26, votes for intendant, and that for wardens, David Cannon received 54, G. W. Cannon 52, Frank Burgiss 31, H. P. Moore 30, I. K. Robinson 27, and D. D. Davenport 26 votes.    They added, however, that "we further certify that a number of illegal votes were polled under protest, and should they be thrown out, it would materially change the result of the election, and we, the managers, do hereby declare the election to be illegal, and recommend that you order an election to be holden again for town council, and that no illegal votes be allowed to be polled," &c.    Afterwards they made a second report, stating that they had, "according to instructions from you," re-canvassed the votes polled, and, "after throwing out such votes as in our judgment were illegal, declare the following named persons to be duly elected, and have notified them of the same : for intendant, T. T. Westmoreland ; for wardens, David Cannon, J. W. Cannon, I. K. Robinson, and D. D. Davenport."

Thereupon the actions above stated, in the nature of proceedings in *quo warranto,* were instituted by the parties who received a majority of the votes cast (except the two Cannons, as to whose election as wardens there was no contest), claiming the offices of intendant and wardens respectively.    Judge Norton, at chambers, and before the defendants were served with notice or summons, granted a preliminary injunction in each of the cases, restraining defendants "from exercising or attempting to exercise any of the

functions or duties appertaining to their respective offices, and requiring them to show cause before Judge Pressley, why said injunctions should not be made perpetual." Cause was shown as required; the two applications were heard together upon affidavits *pro* and *con* by Judge Pressley, who refused to make the injunction perpetual, but simply continued the preliminary injunction granted by Judge Norton, saying: "I have not been referred to any statute or otherwise, which authorizes the managers to throw out illegal votes after they have once entered the ballot box. If there be such a law, these respondents, by virtue of said certificates, have color of title, and are in possession of said offices. But if there be no such law (I can find none), then said certificates do not confer color of title, and the respondents are not in possession of said offices. The rightful possessors in that case are those who qualified after the managers, in their return, set forth that they had received the majority of the votes. The injunction heretofore granted by Judge Norton is therefore continued in full force, until the illegality alleged, of some of the votes cast, can be tried by the proper tribunal," &c.

From this order the respondents appeal to this court upon the ground that "his honor erred in continuing the injunction against the respondents, when it was shown that they are *de facto* wardens of the town of Greer's holding the certificates of the managers of election."

The contest was as to the title to the offices. Pending that contest, Judge Norton issued a preliminary injunction, restraining the defendants from exercising the duties of the offices to which they claimed to have been elected respectively. That was not an order on the merits, but simply an interlocutory injunction to hold the matters in dispute, with the least injury to all parties, until their rights could be finally determined. See *R. & L. Law Dict.*, title "Injunction." We do not understand that Judge Pressley finally determined the rights of the parties. He did not rule even as to which of the contending parties was rightfully in possession of the offices in question, but merely continued the provisional injunction granted by Judge Norton "until the illegality alleged of some of the votes cast can be tried by the proper tribunal." Such an order did not purport to be on the

merits, but was administrative in character, and is not appealable. "An interlocutory order of injunction, made without prejudice, restraining the defendant from enforcing his judgment against the plaintiff until a decision is reached upon the merits, is not appealable." *Garlington* v. *Copeland*, 25 S. C., 41.

Besides, the real contention of the parties was for the offices, which, under the act of incorporation, only extended one year from April, 1887, to April, 1888. That period had expired before the appeal was heard in this court, and no order that could now be made would benefit the parties in the slightest. See *Ex parte Mackey*, 15 S. C., 322; *Ex parte Pareira*, 6 Rich., 149.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.